KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 310.909.7775
Facsimile:  424.465.6630

MICHAEL N. WESTHEIMER (SBN 178938)
mwestheimer@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA  94111
Telephone: 415.918.3000

Attorneys for Defendant
ONPOINT INDUSTRIAL SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON QASSEM,<br><br>        Plaintiff,<br><br>    v.<br><br>ONPOINT INDUSTRIAL SERVICES, LLC;<br>and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.:<br><br>(Removed from Contra Costa County Superior Court, Case No. C25-03783<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed:    December 23, 2025<br>Removal Date:       February 4, 2026<br>Trial Date:            Not set |

1

DEFENDANT'S NOTICE OF REMOVAL                                    CASE NO.:

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO PLAINTIFF BRENDAN QASSEM AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Onpoint Industrial Services, LLC ("Defendant" or "Onpoint"), hereby removes the action entitled *Brandon Qassem v. Onpoint Industrial Services, LLC*, *et al.*, from the Superior Court of the State of California for the County of Contra Costa, Case No. C25-03783) to the United States District Court for the Northern District of California, Oakland Division. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND AND VENUE

1. This is an employment action. On December 23, 2025, Plaintiff Brandon Quassem ("Plaintiff") filed this action in the Superior Court of the State of California, County of Contra Costa, Case No. C25-03783 (the "State Court Action") naming Onpoint as defendant. (Declaration of Michael N. Westheimer ("Westheimer Decl."), ¶ 2 and Exh. 1).

2. On January 5, 2026, Onpoint was served with the Summons and Complaint for the State Court Action via process server on its registered agent for service. (Westheimer Decl., ¶ 3 and Exh. 2).

4. Pursuant to 28 U.S.C. § 1446(a), accompanying this Notice of Removal are the process, pleadings and records served and filed in the State Court Action. (Westheimer Decl., ¶ 2 and Exh. 1).

5. Defendants "DOES 1 through 20" are fictitiously named. There is no record that Plaintiff substituted in or served any fictitious defendant with any process in the State Court Action. (Westheimer Decl., ¶ 4).

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date that Plaintiff served the summons and complaint in the State Court Action on Defendant.

7. Contra Costa County, California, is located within the U.S. District Court for the Northern District of California, Oakland Division. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

2

DEFENDANT'S NOTICE OF REMOVAL                                          CASE NO.:

8.      Defendant will, pursuant to 28 U.S.C. § 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Contra Costa County Superior Court and Plaintiff. Defendant is also filing a disclosure statement in compliance with Rule 7.1 of the Federal Rules of Civil Procedure and L.R. 3-15.

### NATURE OF THE SUIT AND REQUESTED RELIEF

9.      In his lawsuit, Plaintiff contends that he was employed by Defendant and that Defendant discriminated, harassed and retaliated against him and wrongfully terminated or constructively terminated his employment.   Based on Ms. Plaintiff's contentions, his Complaint filed in the State Court Action alleging nine cause of action under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq., the California Labor Code and under common law.   Plaintiff alleges that he has suffered and continues to suffer a loss of earnings and other employment benefits, humiliation, emotional distress and mental pain and anguish, all according to proof at trial.  Plaintiff seeks recovery for earned wages and other damages, penalties, special damages, compensatory damages, general damages, punitive damages, loss of income incurred and to be incurred, reasonable attorney's fees, costs of suit and interest.   (Westheimer Decl., ¶ 2 and Exh. 1).

### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A.      Basis of Original Jurisdiction**

10.      Defendant is entitled to remove the State Court Action on the ground that this Court has original jurisdiction under 28 U.S.C. § 1332. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a).

11.      Here, as indicated above, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(b) because (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Texas, and (2) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs, given the nature of Plaintiff's claims and alleged compensatory damages and attorneys' fees.

3

DEFENDANT'S NOTICE OF REMOVAL                                                          CASE NO.:

12.     A defendant's notice of removal need not ***prove*** subject matter jurisdiction; it need only contain plausible allegations of the jurisdictional elements. Evidence establishing the amount in controversy is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*¸ 574 U.S. 81, 88 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F.3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). *See also Carolina Cas. Co. v. Team Equipment Inc.*, 741 F.3d 1082, 1087–88 (9th Cir. 2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112–10, p. 16 (2011)).

**B.     The Parties are Citizens of Different States**

13.     Diversity of citizenship exists here. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his permanent home, where he resides with the intent to remain or to which he intends to return.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Thus, unless disputed, Plaintiff's residence is presumed to be her domicile. *Tsoi Sim v. United States*, 116 F. 920, 923 (9th Cir. 1902) ("The place where a person lives is taken to be his domicile… [and] is presumed to continue until it is shown to have been changed.") (*quoting Anderson v. Watts*, 138 U.S. 694, 706 (1891)).

14.     **Plaintiff is a citizen of California**.  Plaintiff pleads in the complaint that his residence is in California.  (Complaint, ¶ 1.)  *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile).  Further, Plaintiff was employed with Defendant in California throughout his employment and at all times provided Defendant with a California address as his residence.  (Declaration of Janine Aguilar ("Aguilar Decl."), ¶ 4.)  The foregoing establishes that Plaintiff is a California citizen domiciled in California for diversity jurisdiction purposes.  *Lew v. Moss*, 797 F.2d at 750; *Lok Lau v. Silva*, No. CIVS-04-2351-WBS-PAN-PS, 2005 WL 8176598, at *2 (E.D. Cal. Aug. 31, 2005) ("Domicile and citizenship are synonymous for

4

diversity purposes"); *see also Marintez v. Michaels,* No. CV 15-02104 MMM, 2015 WL 4337059 at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination").

15   **Defendant is not a citizen of California.** Defendant Onpoint is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Texas.  (Aguilar Decl., ¶ 2(a)).  OnPoint is a citizen of the states of Delaware and Texas based on the citizenship of members.  (*Id*. at ¶ 2, (a)-(e) inclusive).  Onpoint is not a citizen of the state of California.  (*Ibid*.)

16.   For purposes of diversity jurisdiction, Defendant is a citizen of Delaware and Texas. Plaintiff is a citizen of California.  Complete diversity exists between the parties.

17.   **The citizenship of unnamed "Doe" defendants is disregarded for removal consideration.** Does 1 through 20 appearing in the Complaint are wholly fictitious. The Court may, therefore, disregard their citizenship in determining diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *see also Doe v. ERMC Aviation LLC*, No. 2:23-cv-02612-SB-MAR, 2023 WL 3483229 (C.D. Cal. May 16, 2023); *Mcavoy v. Lowe's Home Centers LLC*, No. 22-cv-2417-SVW-RAO, 2022 WL 2072672, at *5 (C.D. Cal. June 9, 2022) ("Pursuant to the plain language of the statute and relevant case law, this Court will not consider the citizenship of Doe defendants until Plaintiffs seek leave to substitute a named defendant").

C.   **The Amount in Controversy Exceeds $75,000**

18.   While Defendant denies any liability to Plaintiff whatsoever, Defendant asserts, based on plausible allegations appearing in the Complaint, including Plaintiff's prayer for relief, as well as calculations predicated thereon, the amount in controversy here exceeds $75,000.  *See*, *e.g.*, *Acad. of Country Music v. Cont'l Cas. Co*., 991 F.3d at 1068. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, and punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded

5

the $75,000 jurisdictional amount).

19. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). A Defendant does not need to provide summary judgment-type evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*¸ 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle*, 2014 WL 651923, at *7.

20. In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), the court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske*, 432 F. 3d at 980. There, the *Kroske* plaintiff claimed unspecified damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id*.

21. **Economic Damages.** Plaintiff's Complaint alleges that he has suffered a litany of damages, including economic as well as emotional distress damages. Under several causes of action, he alleges that he has suffered and continues to suffer a loss of earnings and other employment benefits, humiliation, emotional distress and mental pain and anguish, all according to proof at trial, and seeks recovery for earned wages and other damages, penalties, special damages, compensatory damages, general damages, punitive damages, loss of income incurred and to be incurred, reasonable attorney's fees, costs of suit and interest. (Westheimer Decl., ¶ 2 and Exh. 1).

22. ***Back Pay/Loss of Past Earnings***. Plaintiff's employment with Onpoint ended on May 5, 2025. (Aguilar Decl., ¶ 4.) Plaintiff was a full-time employee whose pay rate was $29.83 per hour. (*Id*.)

6

DEFENDANT'S NOTICE OF REMOVAL                                                    CASE NO.:

23.     The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018). At $29.83 per hour for full-time employment (equivalent to $1,193.20 per week) from the date of separation to the time of removal (approximately 39 weeks), the estimated amount of back pay is  through the date of removal is approximately **$45,634.80.**

24.     ***Front Pay/Loss of Future Earnings***. Plaintiff also seeks to recover front pay/future wages – as such, his future wages should also be considered by the Court in calculating the amount in controversy. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff ... could potentially recover 13 years of lost wages); *see also James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. June 1, 2007). In California, front pay awards frequently span a number of years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (upholding an award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding a front pay award spanning over a four-year period); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (where the front pay award totaled ten years). Although Defendant denies such relief would be appropriate, even one year of front pay from the date of removal would equal an additional **$62,046.40**.

25.     Thus, Plaintiff's unmitigated claim for past and future lost wages is at least **$107,681.20**, clearly in excess of the jurisdictional minimum.

26.     <u>**Attorneys' Fees**</u>.  Plaintiff also seeks to recover attorneys' fees and costs.  It is well-settled that when authorized by statute, attorneys' fees, including future attorneys' fees at stake in the litigation through its conclusion, are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transportation*, 889 F. 3d at 794 ("if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation," and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy"). *See also Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*,

7

243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by the plaintiff if he were to prevail). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "[T]he Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *James Dickey, Inc. v. Alterra Am. Ins. Co.*, No. 2:15-cv-00963-ODW-DTB, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015). As such, even a minimum award of attorneys' fees "would place the amount in controversy well in excess of $75,000." *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3, *5 (E.D. Cal. Oct. 19, 2009) (internal citations omitted).

27.     When calculating attorneys' fees for the amount in controversy, courts routinely recognize that attorneys representing a single plaintiff in an employment dispute may reasonably spend *at least* 100 billable hours on a case. *See, e.g.*, *Sasso*, *supra*, No. CV 14-09154-AB AJWx, 2015 WL 898468, at *6 (reasonable attorneys' fees in a single-plaintiff matter with only four causes of action "may reasonably be expected to equal at least" 100 hours); *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 225 (9th Cir. 2013) (finding that an attorneys' fees award for 1,610.8 total billable hours was reasonable where counsel argued multiple single-plaintiff FEHA discrimination claims through trial). Accordingly, 100 hours is a reasonable and conservative estimate. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Moreover, federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *E.g.*, *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted).   Applying these numbers, Defendant conservatively estimates the amount of attorney's fees at issue to be at least **$30,000**.

28.     **<u>Emotional Distress</u>**. Plaintiff also alleges pain and suffering and emotional distress

DEFENDANT'S NOTICE OF REMOVAL                                    CASE NO.:

damages. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Juries have awarded more than **$50,000** in emotional distress damages in other single employee actions presenting claims for discrimination, retaliation, and failure to prevent discrimination and/or retaliation. *See Abe v. Symantec Corporation*, JVR No. 1611180027, 2016 WL 6883223 (Cal. Super.) (awarding $50,000 in compensatory pain and suffering as the result of plaintiff's allegations of gender discrimination); *Devis v. City of Pasadena*, JVR No. 2402270018, 2023 WL 9792531 (Cal. Super.) (awarding $135,000 in compensatory noneconomic damages to an employee who was terminating after alleging sex discrimination and retaliation); *Cash v. County of Los Angeles*, JVR No. 240603009, 2023 WL 11800634 (Cal. Super.) (awarding $245,000 for past noneconomic damages and $105,000 for future noneconomic damages after alleging gender discrimination and retaliation as a result of his complaints of discrimination).

29.   **Other Damages**.  Plaintiff also seeks open-ended relief for "other damages" according to proof at trial.  Although uncertain in amount, this additional damage claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932–34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

30.   Defendant denies that Plaintiff claims have any merit. Defendant also denies that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, other damages, emotional distress, and attorneys' fees) is taken as a whole, the amount in controversy for Plaintiff's claims well exceed the $75,000 jurisdiction requirement, exclusive of interest and costs. Indeed, Plaintiff's estimated lost wages in back pay and front pay up to the date of removal and one year forward alone is at least **$107,681.20**, and increased further by Plaintiff's claims for emotional distress damages (conservatively estimated to be at least **$50,000**), attorney's fees (estimated to be at least **$30,000**) and other damages establishes that the amount in controversy is at least $**187,681.20**, well exceeds $75,000, the jurisdictional requirement.

9

31.    Thus, all requirements of removal are satisfied by plausible allegations. For these many reasons, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## CONCLUSION

Defendant has demonstrated substantial, objective facts in pleading admissions, publicly available information sources, and those of its own records to support the conclusion that diversity jurisdiction exists here: (1) there is complete diversity of citizenship between the parties (Plaintiff being a citizen of California and Defendant being a citizen of Delaware and Texas), and (2) the amount in controversy, conservatively estimated to be at least $**187,681.20**, exceeds the statutory jurisdictional minimum.   Defendant properly removes this action accordingly to the United States District Court for the Northern District of California, Oakland Division.

Dated: February 4, 2026                            CONSTANGY, BROOKS, SMITH & PROPHETE LLP


                                                   By:    /s/ Michael N. Westheimer
                                                       Michael N. Westheimer
                                                       Attorneys for Defendant
                                                       ONPOINT INDUSTRIAL SERVICES, LLC

10

DEFENDANT'S NOTICE OF REMOVAL                                              CASE NO.: